ARTHUR *v.* HEROLD.

In an action against a collector of customs, to recover duties alleged to have
been wrongfully exacted upon chicory imported in 1873, it was not error for
the court to charge the jury that ground chicory was the same thing as burnt
chicory, and to submit to them to determine from the evidence, as a matter of
fact, whether the imported article in question was a new preparation, some
thing other than ground chicory.

ERROR to the Circuit Court of the United States for the
Southern District of New York.

This was an action brought by Herold against Arthur, col-
lector of customs of the port of New York, for an alleged illegal
exaction of a duty of five cents per pound upon chicory imported
in 1873. That duty was assessed under sect. 11 of the act
entitled "An Act to increase duties on imports and for other
purposes," approved June 30, 1864 (13 Stat. 202, 212), which
provides a duty " on chicory root, four cents per pound ; ground,
burnt or prepared, five cents per pound."

Herold claimed that the duty should have been but one cent
per pound, under sect. 1 of the act entitled "An Act to reduce
duties on imports and to reduce internal taxes and for other
purposes," approved June 6, 1872 (17 Stat. 230), which provides
that after the first day of August of that year, in lieu of the
duties theretofore imposed there shall be levied and collected
" on chicory root, ground or unground, one cent per pound."
Upon the ascertainment and liquidation of the duty, he pro-
tested and appealed to the Secretary of the Treasury, and within
due time after an adverse decision by that officer brought this
action.

The testimony offered by the plaintiff tended to show that
the article in question was commercially known as " finely
ground chicory, in papers," or " paper chicory," and was pul-
verized chicory ; that chicory is grown extensively in Ger-
many, where it is largely used as a substitute for coffee. The
root, when dug from the ground, is first washed and scraped,
then split and cut by machinery into pieces or sections, which
are partially dried in the sun and then kiln-dried, in which
latter condition it becomes an article of commerce to this coun-

try. Of this there are two forms, "light kiln-dried" and "extra kiln-dried," neither of which is burnt or roasted, except as is necessarily incident to the process of kiln-drying.

The next process is burning or roasting, which is done in heated cylinders. It is necessarily roasted before it can be ground. Then it is ground in mills, from which it emerges in coarse and fine particles commingled, in which condition, or when simply burnt or roasted, it is not an article of commerce. The chicory is then passed through sieves, by which the coarse and fine particles are separated from each other. The coarse particles are packed in barrels or casks for shipment, and is called in trade "coarsely ground" or "granulated chicory;" the finer particles, after being again ground and reduced to powder, are packed in small paper-bags, weighing ordinarily one-quarter of a pound each, sometimes half a pound, which are packed in casks. This kind is called "finely ground chicory, in papers," or "paper chicory." Both forms are drier than the atmosphere, and absorb moisture from it; the first more slowly than the second, because the particles are larger.

The casks, or paper packages, of "paper chicory" are placed in damp cellars or vaults attached to and a part of the large chicory manufactories, some of which are exclusively for the manufacture of paper chicory, in order to hasten the absorption of moisture; and in some factories the hastening of absorption is further facilitated by allowing steam to escape into the cellars. The greater quantity of moisture in finely ground chicory over that which is absorbed in the "granulated" makes the paper chicory from fifteen to thirty per cent less per pound than the "granulated."

Paper chicory, when taken out of the cellars, has the consistency of paste, and hardens as it is exposed to the air. The granulated chicory also hardens by exposure.

The granulated chicory is usually sold by importers in this country to coffee dealers and coffee roasters to adulterate coffee; the paper chicory is sold exclusively to consumers, mostly Germans and Scandinavians in the Western States, who use it as a substitute for coffee.

The defendant introduced evidence to show that the natural absorption of moisture was hastened by artificial means; *e.g.*,

by steam introduced through pipes in the vaults or cellars, and that this operation was an essential and usual process in the preparation of the paper chicory. On the part of the plaintiff, evidence was offered that nothing had been done to the chicory in these vaults, except to allow the natural absorption of moisture to take place by exposing the paper chicory to the air. Some of the witnesses testified that paper chicory had different traits as to taste and smell from granulated chicory.

The plaintiff gave some evidence to show that a different. article from the imported article called "patent chicory" or "chicory coffee" was made by an admixture of water and foreign ingredients. It was not claimed that the plaintiff's goods contained any admixture of foreign ingredients.

At the close of the plaintiff's testimony, and also again when the testimony on both sides was completed, the defendant moved that the court direct the jury to find a verdict for him; which motion the court each time denied, and he duly excepted.

The court, in its charge, stated to the jury, among other things, that ground chicory was the same thing as burnt chicory, and submitted to them to determine as a matter of fact whether the chicory in question was prepared, and not simply ground, chicory.

Defendant excepted to that part of the charge which pointed out that ground chicory and burnt chicory were one and the same thing, and also to that part which stated that it was a question of fact instead of a question of law whether prepared chicory was a different thing from ground chicory.

The jury found a verdict for the plaintiff, on which judgment was entered. The defendant then sued out this writ.

*Mr. Assistant Attorney-General Smith* for the plaintiff in error.

*Mr. Stephen G. Clarke* for the defendant in error.

Mr. Chief Justice Waite delivered the opinion of the court. ·

We think it was not error for the court to say to the jury that ground chicory was the same thing as burnt chicory. The chicory root cannot be ground until it is burned, and burnt chicory is not an article of commerce until it is ground.

Whether or not the article imported was a new preparation, and something other than ground chicory, that is to say, whether it was prepared chicory and not simply ground chicory, was a question of fact that was properly left to the jury.

*Judgment affirmed.*